**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGIA BERRY & VEGETABLE, LLC,**

      **Plaintiff,**

-vs-                                                **Case No. 6:12-cv-143-Orl-31DAB**

**T & R PRODUCE WHOLESALE &**
**TRUCKING, INC., and JEOM T. RIM,**

      **Defendants.**

_____

## ORDER AND NOTICE OF HEARING

This cause comes before the Court upon an *ex parte* motion for temporary restraining order (Doc. 2) filed by Plaintiff Georgia Berry & Vegetable, LLC ("Georgia Berry"). Contemporaneously, Plaintiff filed the Complaint (Doc. 1), a motion for preliminary injunction (Doc. 5), together with an affidavit and memorandum in support thereof (Docs. 3 and 6), against Defendants T&R Produce Wholesale & Trucking, Inc. ("T&R"), and Jeom T.(Tom) Rim ("Rim"), asserting, *inter alia*, claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c).

According to the Complaint, the Motion and attached exhibits, it appears that during the period June 15, 2011 through July 7, 2011, the Plaintiff sold wholesale quantities of produce to the Defendants worth $63,006.39. Affidavit of Corey Beverly, (Doc. 6). To date, the Plaintiff has not been paid for this produce and it appears that because of pending financial trouble, T&R will be unable to meets its obligations in the future. *Id.* at ¶ 18. Additionally, T&R's PACA license was recently suspended by the United States Department of Agriculture, rendering it unable to conduct business and further threatening Plaintiff's ability to collect the past due payment. *Id.* at ¶ 21. Plaintiff has

preserved its interest in the PACA trust in the amount of $63,006.39 by timely delivering notices, in the form of invoices, to the Defendants as required under 7 U.S.C. § 499e(c)(3) and (4).

T&R is a produce dealer under PACA, and Rim, as the sole corporate officer of T&R, was in a position to control the PACA trust assets. Plaintiff is entitled to seek enforcement of the PACA trust pursuant to 7 U.S.C. § 499e(c) and the regulations thereunder, 7 C.F.R. § 46.1 *et seq.* This Court has jurisdiction pursuant to 7 U.S.C. § 499e(c)(5)(i).

Based on the above, the Court finds that entry of a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) is appropriate, as it appears that the Defendants are clearly out-of-trust in connection with the PACA produce delivered by the Plaintiff. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 140-41 (3rd Cir. 2000); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990). Prior notice to the Defendants would allow the Defendants to further dissipate the trust assets pending a hearing on the Motion for Preliminary Injunction.[1]

Accordingly, it is **ORDERED** that,

1.  Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **GRANTED**;

2.  Defendants are hereby **RESTRAINED an ENJOINED** from transferring any PACA trust assets of T&R, except for payment to the Plaintiff, until the Plaintiff has been paid the full amount of $63,006.39, or until further order of the Court;[2]

---

[1] The Court does not find this situation to be one that requires Plaintiff to post a bond under Federal Rule of Civil Procedure 65(c).

[2] Pursuant to 7 U.S.C. § 499e(c)(2), trust assets include "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds

3. This Order shall expire at **5:00 p.m. on Monday, February 13, 2012**, or upon the granting of a motion filed pursuant to FED. R. CIV. P. 65(b)(4), whichever occurs first;

4. The undersigned will hold a hearing on whether to convert the instant Temporary Restraining Order into a preliminary injunction or to dissolve the same at **1:30p.m. on Friday, February 10, 2012** in Courtroom #5A, George C. Young United States Courthouse and Federal Building, 401 W. Central Boulevard, Orlando, Florida;

5. Plaintiff shall expeditiously serve on Defendants a copy of all suit papers including this Order and Notice of Hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 30, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                                   /s/ Gregory A. Presnell
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

from the sale of such commodities or products . . ."